UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21154-CIV-LENARD/O'SULLIVAN

ARKESHINA ELLINGTON, et al.,

     Plaintiffs,

vs.

H&R BLOCK EASTERN ENTERPRISES, INC.,
d/b/a H&R BLOCK,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court following a show cause hearing on July 29, 2011.[1] For the reasons stated herein, the undersigned respectfully recommends that the Court strike the pleadings of plaintiffs Arkeshina Ellington, Dimenty Sylvain and dismiss the case with prejudice as to Gerald Freedman with each party to bear their own costs and fees in the Freedman matter.

## BACKGROUND

On June 16, 2011, the plaintiffs' counsel, Anthony Georges-Pierre, moved to withdraw as counsel of record for plaintiffs Arkeshina Ellington, Dimenty Sylvain and Gerald Freedman. See Motions to Withdraw (DE# 14-16, 6/16/11). On June 17, 2011, the Court issued an Order granting the motions to withdraw. See Order (DE# 17, 6/17/11).[2] Pursuant to the Court's Order, plaintiffs Arkeshina Ellington, Dimenty Sylvain

---

[1] Plaintiffs Arkeshina Ellington, and Dimenty Sylvain failed to appear at the July 29, 2011 show cause hearing.  Gerald Freedman appeared and indicated that he wished to have his case dismissed with prejudice with all parties to bear their own fees and costs.

[2] Only plaintiff Christian Louis remains represented by counsel.

and Gerald Freedman were required to "hire new counsel or to file an affidavit with the Court stating their intention to proceed pro se" by Monday, July 18, 2011. Id. On June 24, 2011, the undersigned issued an Order (DE# 21) requiring plaintiffs Arkeshina Ellington, Dimenty Sylvain and Gerald Freedman to file their statements of claim on or before Monday, July 18, 2011. See Order (DE# 21 at 2, 6/24/11). The Order (DE# 21) warned  these plaintiffs that "**[t]he failure to comply with this Order may result in sanctions against the plaintiffs including a recommendation that a default be entered against the plaintiffs for failure to comply with a Court Order.**" Id. at 3 (emphasis in original). To date, plaintiffs Arkeshina Ellington, Dimenty Sylvain and Gerald Freedman have failed to comply with the Court's June 17, 2011 Order (DE# 17) and the undersigned's June 24, 2011 Order (DE# 21). The Court has since extended the deadline to hire new counsel or file a pro se affidavit to August 2, 2011. See Order to Show Cause (DE# 24, 7/19/11).

On July 19, 2011, the undersigned issued an Order to Show Cause (DE# 25, 7/19/11) setting a show cause hearing for July 29, 2011 before the undersigned. The Order to Show Cause (DE# 25) specifically stated that: "**[p]laintiffs  Arkeshina Ellington, Dimenty Sylvain and Gerald Freedman shall appear in person and be prepared to show cause why they should not be held in contempt for failing to obey the Court's prior Orders (DE# 17, 21)**" and that "[a]ll plaintiffs are required to attend the July 29, 2011 settlement conference in person." Id. at 2 (emphasis in original). The Order to Show Cause (DE# 25) warned the plaintiffs that "**[t]he failure to comply with this Order may result in sanctions against the plaintiffs including a recommendation that a default be entered against the plaintiffs for failure to**

2

**comply with a Court Order.**" Id. (emphasis in original).

The July 29, 2011 show cause hearing was set for 10:00 AM. The first part of the show cause hearing concluded at approximately 10:17 AM.  Mr. Freedman appeared in Court at approximately 10:30 AM, and the hearing was reconvened.  Mr. Freedman indicated to the Court that he wished to have his case dismissed with prejudice, with each party bearing their own fees and costs.  The July 29, 2011 settlement conference was scheduled to commence immediately after the show cause hearing. Arkeshina Ellington, and Dimenty Sylvain failed to appear at the show cause hearing and at the settlement conference. Accordingly, the undersigned recommends that the Court strike the pleadings of plaintiffs Arkeshina Ellington, and Dimenty Sylvain.  Because Mr. Freedman appeared at the Show Cause hearing and indicated his desire to have the case dismissed, the undersigned recommends that the Court dismiss his case with prejudice with each party to bear their own fees and costs.

## ANALYSIS

The striking of the pleadings of Arkeshina Ellington, and Dimenty Sylvain  is merited. "It is well established that the district court has the authority to . . . enter default judgment . . . for failure to . . . comply with its orders." See  Flaska v. Little River Marine Construction Co., Inc., 389 F.2d 885, 887 (5th Cir. 1968) (citations omitted).[3] In the instant case, the undersigned issued the June 24, 2011 Order (DE# 21) and the July 19, 2011 Order to Show Cause (DE# 25). The June 24, 2011 Order (DE# 21) required that plaintiffs Arkeshina Ellington, Dimenty Sylvain and Gerald Freedman file their

_____

[3] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

statements of claim on or before July 18, 2011 and that all plaintiffs attend the July 29, 2011 settlement conference in person. See Order (DE# 21, 6/24/11). On July 19, 2011, the undersigned issued an Order requiring plaintiffs Arkeshina Ellington, and Dimenty Sylvain to appear in person at the July 29, 2011 show cause hearing and be prepared to show cause why they should not be held in contempt for failing to obey the Court's prior Orders (DE# 17, 21). See Order to Show Cause (DE# 25, 7/19/11). The Order to Show Cause (DE# 25) further required the plaintiffs to appear at the July 29, 2011 settlement conference in person. To date, plaintiffs Arkeshina Ellington, and Dimenty Sylvain have failed to comply with the Court's Orders (DE# 21, 25). The undersigned finds that the aforementioned Orders are valid and lawful, that they are clear and unambiguous and that plaintiffs Arkeshina Ellington, and Dimenty Sylvain had the ability to comply with each of these Orders. Riccard, 307 F.3d at 1296. Plaintiffs Arkeshina Ellington, and Dimenty Sylvain have failed to show any valid justification for their blatant disregard of the aforementioned Orders. The sanction requested against plaintiffs Arkeshina Ellington, and Dimenty Sylvain is specifically tailored to their noncompliance with the Court's prior Orders (DE# 21, 25). Accordingly, the undersigned respectfully recommends that the Court strike the pleadings of plaintiffs Arkeshina Ellington, and Dimenty Sylvain for failing to file a statement of claim and for failing to appear at the July 29, 2011 show cause hearing and settlement conference in accordance with the Court's prior Orders (DE# 21, 25).  The undersigned further respectfully recommends that the Court enter a dismissal with prejudice with each party bearing their own costs and fees as to Mr. Freedman and the Court dismiss the claims of plaintiffs Arkeshina Ellington, and Dimenty Sylvain .

## **RECOMMENDATION**

In accordance with the foregoing Report and Recommendation, it is respectfully

**RECOMMENDED** that the Court enter strike the pleadings of plaintiffs Arkeshina

Ellington, and Dimenty Sylvain for failure to comply with the Court's Orders (DE# 21,

25) and enter a dismissal with prejudice with each party bearing their own costs and

fees as to Gerald Freedman and dismiss the claims of plaintiffs Arkeshina Ellington,

and Dimenty Sylvain .

The parties have fourteen (14) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the

Honorable Joan A. Lenard, United States District Judge. Failure to file timely objections

shall bar the parties from attacking on appeal the factual findings contained herein.

LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.

Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami,

Florida, this **29th** day of July, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:

Arkeshina Ellington
20405 SW 122nd Avenue
Miami, Fl 33177

Dimenty Sylvain
1072 NW 112th Street
Miami, FL 33168

Gerald Freedman
2500 Parview Drive
Hallandale, FL 33009